**Jefry Ken Arnandata HETHARIA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–70615.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 30, 2009.

Sharon A. Healey, Law Office of Sharon A. Healey, Seattle, WA, for Petitioner.

John Clifford Cunningham, I, Esquire, Senior Litigation Counsel, OIL, Ann Carroll Varnon, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel,

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Jefry Ken Arnandata Hetharia, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The BIA denied Hetharia's asylum application as time barred. Hetharia does not challenge this finding.

Even treating Hetharia's testimony as credible, substantial evidence supports the BIA's denial of withholding of removal because Hetharia's experiences, considered both individually and cumulatively, do not rise to the level of past persecution. *See Nagoulko*, 333 F.3d at 1016–18. In addition, Hetharia did not establish any individualized risk and consequently failed to establish that it was more likely than not that he will be persecuted if he returns to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003). Further, this record does not establish the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Chinese Christian Indonesians. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Accordingly, Hetharia's withholding of removal claim fails.

Substantial evidence also supports the BIA's determination that Hetharia is not entitled to CAT relief because he failed to establish that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

